```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

----------------------------------------X
                                        :
JUN YAN,                                :
                                        :
              Plaintiff,                :
                                        :  18-CV-04673 (JMA)(ARL)
         v.                             :
                                        :  July 25, 2019
LIBO ZHOU, et al.,                      :  Central Islip, New York
                                        :
              Defendants.               :
                                        :
----------------------------------------X

           TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
            BEFORE THE HONORABLE ARLENE R. LINDSAY
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:       DANIEL SZALKIEWICZ, ESQ.
                         Daniel Szalkiewicz & Associates, PC
                         325 West 38th Street, Suite 810
                         New York, New York 10018


For the Defendants:      PAUL F. MILLUS, ESQ.
                         Meyer Suozzi English & Klein, PC
                         990 Stewart Avenue, Suite 300
                         Garden City, New York 11530


Court Transcriber:       MARY GRECO
                         TypeWrite Word Processing Service
                         211 N. Milton Road
                         Saratoga Springs, New York 12866
```

**FILED CLERK**
7/31/2019 10:25 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Proceedings recorded by electronic sound recording, transcript produced by transcription service

       2

1 (Proceedings began at 12:56 p.m.)

2       THE CLERK: Calling 2018-4673, <u>Yan v. Zhou</u>. Please
3 state your appearances.

4       MR. SZALKIEWICZ: Daniel Szalkiewicz; Daniel
5 Szalkiewicz & Associates, PC, 325 West 38th Street, New York,
6 New York 10018 for the plaintiff, Mr. Yan. How are you doing?
7 Good afternoon, Your Honor.

8       THE COURT: Good afternoon.

9       MR. MILLUS: Paul F. Millus; Meyer Suozzi English &
10 Klein for the defendants, Your Honor.

11       THE COURT: Mr. Millus, your client has a problem.

12       MR. MILLUS: Understood.

13       THE COURT: Okay? And here's what I'm going to do.
14 There is not going to be a deposition from Choman [Ph.]. Your
15 client has, and I absolutely am under the impression, that
16 your client is playing games with this litigation. He's
17 absented himself from the jurisdiction. The effort that's
18 being made to depose your client is beyond anything else I've
19 experienced of late. He's made himself unavailable and
20 there's going to be consequences.

21       Now, that doesn't mean that I'm going to impose
22 those today. I am going to give him, and I think this is more
23 than generous, three weeks to show up for a deposition here in
24 New York. It's going to be in New York. If he fails to show
25 up for a deposition in New York I will impose sanctions

including the possibility of basically striking the answer. Okay? I don't know what else to propose.

MR. MILLUS: I appreciate the Court's frustration and opposing counsel. I've worked with counsel. I do note for the record, Your Honor, that I pointed out the dates and times and what happened at the last depositions and not all of them, respectively, were my client's fault in terms of not being able to go forward. So I understand though we have a pending litigation in this district. He does reside in China. That's one of the seminal issues in this case. But I of course will convey in the strongest terms what Your Honor has said here today and I will do my level best to try to work this out. One thing I want to be clear, we have -- and I want to engage counsel, is at both depositions, or one deposition, obviously we're talking about two people here, the husband and wife. And the wife is and has said to me, I can't verify it independently, that her mother is ill in China. Would it suffice for the purposes of moving this along to get the husband back to the United States for the purpose of at least conducting his deposition. And to the extent that an additional deposition is required of his wife, by the time the deposition is conducted it will not be a very long time before she was scheduled to come back to New York anyway.

THE COURT: I don't know the answer to that and I'll turn to Mr. Szalkiewicz for that proposal. But first of all,

1  in the correspondence from Mr. Szalkiewicz in which he
2  outlines the multiple times this deposition has been
3  canceled -- now, maybe some of it was your fault, Mr. Millus,
4  and maybe some of it was your client's fault.  Nonetheless,
5  when I set the date that the deposition should be on or about,
6  on or before July the 12th I believe was the date I gave, I
7  expected that to happen and not to get this response that
8  well, you know, now I should -- you know, my client has been
9  in China since June the 13th.  I mean at the time that we were
10 having that conversation, you never mentioned that your client
11 was in China and that this was going to be a deposition that
12 wasn't going to be in the locale of New York which is what was
13 presumed based on the discussion we had.  Now, maybe you
14 weren't aware of it or didn't have it in mind, but that's
15 neither here nor there.  When I set a date as an outside date
16 out of frustration because of the difficulties that plaintiff
17 was having in securing that deposition, I expected it to be
18 complied with.  Mr. Zhou, he may be a Chinese citizen but he
19 also has, you know, legal residency here in the United States.
20 This is not a foreign jurisdiction for him.  I presume he has
21 a habitat or residence here.  Does he?
22          MR. MILLUS:  Yes, Your Honor.
23          THE COURT:  That's what I remember from the record.
24 So this is not, you know, a terrible imposition to this
25 gentleman.  And so requiring him to come here to answer

1  questions is appropriate and reasonable under the
2  circumstances given his connections to this area.  So you
3  know, my first reaction was to sanction but I think that the
4  better course here is to give him one more shot at this.
5  That's the best I can do.  He's got three weeks.  Today is
6  what day?
7          THE CLERK:  Today's the 25th.
8          THE COURT:  July 25th.
9          THE CLERK:  Two weeks is August 8th.
10         THE COURT:  I said three weeks.
11         THE CLERK:  Three weeks is August 15th.
12         THE COURT:  He has until August the 15th.  Now, Mr.
13 Szalkiewicz, are you going on vacation during that period?
14         MR. SZALKIEWICZ:  Your Honor, I'm actually going on
15 vacation the 19th so it works out perfectly for me.  I will
16 make myself available any time as long as we are provided at
17 least three days notice so we can get an interpreter lined up
18 for Mr. Zhou.  But we'll make ourselves available any day.  I
19 just checked my calendar.
20         THE COURT:  All right.  Mr. Millus, make sure he
21 gets three days notice in advance of August 15th.
22         MR. MILLUS:  Yes, Your Honor.
23         THE COURT:  Is there a -- I mean generally this
24 would be done on a weekday.  What if he proposes a weekend?
25         MR. SZALKIEWICZ:  Respectfully, Your Honor, it's

1  kind of an issue for me to do it on the weekend.  Obviously,
2  if the Court would require me to do it, I will.  But that
3  being said --
4          THE COURT:  Well, I'm anticipating that that might
5  be Mr. Zhou's next play and again, I'm characterizing this
6  because I've concluded based on his elusiveness that he
7  doesn't want to have this deposition.  So he may very well
8  come up with a date that's a weekend.
9          MR. SZALKIEWICZ:  Your Honor, I think that we should
10 detail it to regular business hours during the weekdays.  I
11 prefer not the weekend.
12         THE COURT:  So ordered.
13         MR. SZALKIEWICZ:  Thank you.
14         THE COURT:  It may -- and obviously, Your Honor, if
15 for some reason the deposition takes -- you know, the
16 continuation of the deposition day to day thereof, if it takes
17 longer than a day for some reason to depose him on
18 jurisdiction, my concern is that he'll say I'm only here for a
19 day.
20         THE COURT:  He should make himself available for at
21 least two days, Mr. Millus, for deposition.  I don't know if
22 it will run over but because of, you know, issues of who
23 knows, translation, I don't know that translation is needed.
24 If he's going to bring in somebody to help him, I'm not sure
25 what his facility is with the English language but I have a

1  feeling that it's pretty good.  But if he decides he wants to
2  bring somebody to aid him in that regard, that's fine.  But he
3  should be prepared for a full day of deposition and if it runs
4  over he should be prepared for that as well.
5          MR. MILLUS:  Understood, Your Honor.  A
6          MR. SZALKIEWICZ:  Your Honor -- you
7          MR. MILLUS:  May I just say I met with my client
8  several times.  He doesn't speak English at all.  And it's
9  true, he 100 percent does not.
10         THE COURT:  That's another reason why the deposition
11 may take longer than --
12         MR. MILLUS:  Correct.  Understood.
13         MR. SZALKIEWICZ:  Your Honor, if I may though, the
14 thought of having him bring in a third party to potentially
15 aid him with the deposition, I mean obviously it's a burden on
16 the plaintiff.  We were going to hire an interpreter for this.
17 I think there was multiple issues in previous depositions with
18 a third party being there, arguments over the translation.
19         THE COURT:  Well, I'm not talking about any third --
20 he's entitled to have an interpreter there not necessarily of
21 your choosing, somebody who he trusts.
22         MR. SZALKIEWICZ:  Okay.
23         THE COURT:  And I'm not going to bar him from doing
24 that especially since Mr. Millus tells me doesn't have a
25 facility in the English language.

1  MR. SZALKIEWICZ: Okay.

2  THE COURT: But do have a certified interpreter
3 present so that there isn't a question as to the regularity of
4 the interpretation.

5  MR. SZALKIEWICZ: Okay.

6  THE COURT: Okay? All right. And what about this
7 notion of the wife?

8  MR. SZALKIEWICZ: Your Honor, obviously we'd like to
9 complete all the depositions because they're both plaintiffs
10 there. It's my understanding they've indicated that -- I
11 believe they have young children that are currently going to
12 school in New York as well. So the wife will be here --

13  THE COURT: In September.

14  MR. SZALKIEWICZ: According to an interview Mr. Zhou
15 gave to a local newspaper, they're coming back in August but
16 obviously I know that counsel indicated they'd be back in
17 September.

18  THE COURT: So put off the wife's deposition till
19 September.

20  MR. SZALKIEWICZ: Okay. Can we get a date certain
21 for the wife's deposition in September, Your Honor?

22  THE COURT: Not until Mr. Millus has conferred with
23 his client to find out their availability and then we'll go
24 from there.

25  MR. SZALKIEWICZ: Okay.

```
 1              THE COURT:  Okay?
 2              MR. MILLUS:  Thank you, Your Honor.
 3              MR. SZALKIEWICZ:  Thank you, Your Honor.
 4              THE COURT:  All right.  Anything else?
 5              MR. SZALKIEWICZ:  No, Your Honor.
 6              THE COURT:  All right.  I'm going to enter the order
 7   that I've discussed with counsel today.  Mr. Millus, please
 8   tell your client I'm pretty serious about this.
 9              MR. MILLUS:  I will, Your Honor.
10              THE COURT:  All right.  Thank you.
11              MR. MILLUS:  Thank you.
12   (Proceedings concluded at 1:06 p.m.)
13                          * * * * *
```

1     I certify that the foregoing is a court transcript from
2  an electronic sound recording of the proceedings in the above-
3  entitled matter.
4
5                              *Mary Greco*
6                              Mary Greco
7  Dated:  July 31, 2019