

116 Pinehurst Avenue    T: (212) 706-1007
Suite A44    F: (914) 500-2315
New York, NY 10033    lawdss.com

August 24, 2021

**<u>Via ECF</u>**
Hon. James W. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

*Re:*    *Yan v. Zhou et. al.*
       *United States District Court, E.D.N.Y*
       <u>*Docket No. 18-cv-04673*</u>

Dear Judge Wicks:

Please accept this joint letter pursuant to Your Honor's August 20, 2021 Order.

**<u>Outstanding Discovery Disputes</u>**

       The parties have met and conferred by email and telephone concerning the outstanding discovery issues. To the extent that any remain, the parties will move this court by letter motion on or before August 25, 2021 so that both sides will have the ability to adequately present their positions to the court.

       Defendants will request for the Court's permission to postpone their deposition of Plaintiff, currently scheduled to be held on August 31, 2021, if Plaintiff's responses to Defendants' discovery requests remain to be deficient and that the parties cannot resolve the dispute before the currently scheduled deposition. Defendants believe that they are entitled to obtain necessary information and documents before they take Plaintiff's deposition.

**<u>Depositions</u>**

**Plaintiff's Position**

       As of August 24, 2021 the parties have been unable to pick a date or location for the Defendants' depositions to occur.

       On August 23, 2021, Plaintiff served on Defendants' counsel Notices of Deposition for both Jie Hu and Libo Zhou. The notices indicated that depositions would begin on September 14, 2021 at 10:00 a.m. and September 20, 2021 at a specified office in New York. New York was selected as a venue for the depositions for the following reasons:

1) Because it is where the claims arose;



2) Because Defendants own at least four properties in Manhattan and one in nearby New Jersey;
3) Because China does not permit attorneys to take depositions in China for use in foreign courts;
4) Because Defendant Zhou had been exceptionally evasive and confrontational in an earlier deposition, requiring several reminders to put away his cell phone and/or discontinue texting; and
5) Because Defendant Hu has demonstrated a propensity for covertly recording conversations without the permission or consent of involved third parties.

For background, during depositions relating to Defendants' domicile and related document discovery, Defendants acknowledged that their daughter possessed a Green Card and they had applied and interviewed for permanent resident status. Defendants also indicated their minor child would be remaining in the U.S. without them to complete her schooling. We also obtained both of the Defendants' applications for permanent residency, which were submitted 2016. In anticipation of objections due to travel restrictions, I inquired about Defendants' current U.S. residency status; notably, the restrictions do not apply to U.S. citizens or lawful permanent residents or parents of a minor lawful permanent resident child or U.S. citizen[1].

In response to our email, I was informed that Defendants' status was irrelevant, that travel between the US and China was difficult or impossible, and if we insisted on in-person depositions, counsel would move to quash the deposition notices. In the interest of compromise and progress, our office suggested deposing Defendants at a deposition center in a nearby country. Defendants' counsel has advised us that she will check with her client about "the possibility of their traveling to a nearby country and conducting depositions remotely."

It is our position that absent a reasonable proposal by Defendants, and considering the law, and the history of this case, the Defendants should be required to submit to in person depositions in New York. Should the Defendants choose to not appear and instead have the deposition occur in another country, they should be responsible for the additional expense to Plaintiff.

**Defendants' Position**

COVID-19 pandemic makes international travel extremely difficult. The Chinese government imposes stringent limitations upon all travelers, including that everyone traveling in and out of China needs to submit a host of documents and test results that often take weeks to prepare and that all travelers from the United States need to be quarantined for at least three weeks (sometimes even longer) before entering China. Therefore, under the current environment,

---

[1] *https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/covid-19-travel-restrictions-and-exceptions.html*



demanding Defendants to be deposed in New York is unreasonable and imposes unfair burden on Defendants.

FRCP Rule 30(b)(4) permits parties to take a deposition "by telephone or other remote means" with the deposition taking place "where the deponent answers the questions." FRCP Rule 30(b)(4). It further states that the court may order or the parties may stipulate to a remote deposition. *Id*. The FRCP contains no prohibition with respect to taking remote depositions outside of the country. In fact, remote depositions are common practices in cross-border litigations, such as this case. *See e.g. Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 448 (S.D.N.Y. 2012) (permitting plaintiff to testify from Ecuador via video link); *Virtual Architecture, Ltd. v. Rick*, 2012 U.S. Dist. LEXIS 15118, at **4-6 (S.D.N.Y. Feb. 7, 2012) (finding expense and inconvenience of internal travel sufficient to permit witness to testify remotely from the Seychelles).

However, Chinese law does not permit attorneys to take depositions in China for use in foreign courts. Although China is a signatory to the Hauge Evidence Convention, covering disocvery for international litigation, China has explicitly rejected Chapter II (except Art. 15), meaning that the taking of willing depositions is generally not permitted within China. *See* Consular Affairs, U.S. Dept. of State, Taking Voluntary Depositions of Willing Witnesses, 7 Foreign Affair Manual 920 (2013), available at https://fam.state.gov/fam/07fam/07fam0920.html.

With that said, there is a commonly used alternative location for depositions of Chinese witnesses: the Hong Kong Special Administration Region ("Hong Kong"). There is a history of depositions (including remote depositions) which have taken place in Hong Kong. *See Dagen v. CFC Grp. Holdings*, 2003 U.S. Dist. LEXIS 20029 at *5 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong); *see also Green v. Reignwood Eur. Holdings SARL*, 2019 U.S. Dist. LEXIS 82185 at **3-4 (S.D.N.Y. May 15, 2019) (permitting a Chinese resident to be deposed in Hong Kong).

If the remote depositions take place in Hong Kong, Defendants still need to be quarantined for 14 days before entering Hong Kong and for another 14 days before returning to China. Defendants also need to obtain a visa (as Hong Kong is a Special Administration Region) before entering Hong Kong. Defendants are in the process of inquiring whether there are any restrictions to obtain such a visa and how soon they can obtain a visa. Defendants will advise the Court once they obtain such information.

Respectfully submitted,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
*/s/ Daniel S. Szalkiewicz, Esq.*



---

                        By: Daniel S. Szalkiewicz, Esq.
                        *daniel@lawdss.com*

                        Zhang Law Group

                        <u>/s/ Bing Zhang Ryan</u>
                        Bing Zhang Ryan