UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUN YAN,

                         Plaintiff,

                                                         **ORDER**

          -against-                                       18-CV-4673(GRB)(JMW)

LIBO ZHOU and JIE HU,

                        Defendants.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

       This action arises out of alleged false and defamatory statements that defendants made about plaintiff after a casual dinner party gone awry. (DE 1.) This is far from the first discovery foofaraw between these contentious litigants. Indeed, just when one pre-trial dispute is resolved, their truculent conduct leads to the next. This latest motion – ironically characterized as a "joint"[1] motion, notwithstanding the application is riddled with petty disagreements (DE 97) – raises the question of whether Defendants, who are currently in China, should appear for their depositions in New York. The Court concludes that they must.

## I.

## The History of Attempts to Take Defendants' Depositions

       On June 16, 2021, the undersigned granted the parties' joint motion for an extension of time to complete discovery, specifically ruling that, "The parties previously made joint motions to the Court to extend the discovery deadline on February 12, 2021 [80], and again on April 26,

---

[1] *"Joint,"* according to Black's Law Dictionary at 837 (6th ed. 1990), means "united; combined; undivided," the antithesis of the present motion.

1

2021 [82], both motions having been granted. The parties' THIRD motion to extend the discovery deadline is granted, but as follows: All discovery, inclusive of expert discovery, is to be complete on or before September 1, 2021." (DE 6/16/2021.) Less than a month before the discovery deadline, Defendants made a motion to compel. (DE 91.) On August 20, 2021, the Court heard oral argument on various discovery disputes between the parties, but as it pertains to the instant issue, Plaintiff requested additional time to depose Defendants (despite failing to ever serve deposition notices). The undersigned denied extending the discovery deadline with the limited exception that Plaintiff was to conduct Defendants' depositions on or before September 30, 2021. (DE 93.) During the hearing, defense counsel advised the Court that Defendants were currently in China and the Court directed the parties to meet and confer to resolve how Defendants would appear for their depositions. (*Id*.) Par for the course, on August 24, 2021, the parties filed this motion because once again they could not agree on where Defendants will appear for their depositions. (DE 97.)

Notably, this is not the first time Plaintiff has sought judicial intervention for Defendants' failure to submit to court-ordered depositions, and not the first time Defendants have used being in China as an excuse for not appearing for their depositions. Back on January 29, 2019, the Court ordered Defendants to appear for depositions on or before April 12, 2019, limited to the issue of Defendants' domicile. (DE 1/29/2019; DE 30.) On July 25, 2019, after Defendants repeatedly failed to appear for the depositions and then traveled back to China, this Court conducted a hearing on the issue. (DE 50.) The transcript of this hearing is quite telling. Noting that the Court's initial reaction was to sanction Defendants, Magistrate Judge Lindsay decided to give Defendants one more chance despite Mr. Zhou's "elusiveness." (*Id*.) The Court ordered Mr. Zhou to appear for his deposition *in New York* on or before August 15, 2019 (and Ms. Hu to

2

appear for her deposition *in New York* in September of 2019), finding that "requiring him to come here to answer questions is appropriate and reasonable under the circumstances given his connections to this area." [2] (*Id.*) At that time, Defendants admittedly owned three condominiums in Manhattan, one in which they reside when they are in the United States, and Defendants' applications to become "resident aliens" were pending. (DE 25.)

Further, during oral argument on Defendants' motion for summary judgment held on April 23, 2020, this Court found that there was "overwhelming" evidence that Defendants are domiciled in New York. (DE 4/23/2020.) The Court pointed to various evidence of Defendants' presence in New York, the most significant being a counterclaim filed in a separate lawsuit wherein Defendants identify New York as their place of residence. (*Id.*) Other evidence the Court cited included income of ownership of rental properties and work performances in New York, bank accounts in New York, a residence in New York, listing New York as their residence on an income tax return, living in New York for a consistent 3-year period, a daughter who attends school in New York, and both daughters residing in New York. (*Id.*)

Plaintiff served the subject deposition notices on August 23, 2021, designating New York as the venue. (DE 97.) Plaintiff reasons that New York is where the claims arose, Defendants own property in New York, and that China does not permit attorneys to take depositions in China for use in foreign courts. (*Id.*) Plaintiff also notes that during the domicile depositions, Defendants indicated that one of their daughters had a Green Card. (*Id.*) Defendants refuse to disclose the status of their residency applications and argue that demanding Defendants to be deposed in New York imposes an unfair burden on Defendants in light of the COVID-19 quarantine restrictions, which require a 14-day quarantine period before entering the United

---

[2] The Court permitted a later date for Ms. Hu's limited deposition because her mother was ill in China. (DE 50.)

States. (*Id.*) Defendants also assert that even though Fed. R. Civ. P. 30(b)(4) permits parties to take remote depositions by telephone or other means in cross-border litigations, Chinese law does not permit attorneys to take depositions in China for use in foreign courts. (*Id.*) Defendants offer to travel to Hong Kong where depositions of Chinese witnesses have been held to be permitted. (*Id.*) However, Defendants note that *first* they would need to obtain visas if there are no restrictions in doing so, and *second*, they would need to abide by a 14-day quarantine requirement to enter Hong Kong because of COVID-19. (*Id.*)

Defendants, who refuse to disclose their current residency status, fail to address that the 14-day quarantine period for entering the United States *does not* apply to citizens, lawful permanent residents, or parents/legal guardians of a US citizen or lawful permanent resident unmarried minor child.³

## II.

## THE LOCATION OF PARTY DEPOSITIONS

A "district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. V. Republic of Argentina*, 695 F.3d 201, 207 (2d. Cir. 2012) (citation omitted). "In the end, the decision as to the location of the deposition lies within the discretion of the court." *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-CV-1930 (RMB)(THK), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (citations omitted).

Generally, "the party who notices a deposition is entitled to choose its location." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2019 WL 4053917, at *1 (S.D.N.Y. Aug. 28, 2019) (internal quotations and citations omitted). "[T]here is a presumption that a defendant or non-party witness shall be deposed in the district where the deponent resides or has a principal place

---

³ https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/covid-19-travel-restrictions-and-exceptions.html

4

of business." *Devlin v.. Transp. Commc'n Intern. Union*, Nos. 95-CV-0752 (JFK)(JCF), 95-CV-10838 (JFK)(JC), 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). The presumption may be weakened if plaintiff was constrained in choosing the forum for litigation or if the factors of cost, convenience, and litigation efficiency favor holding the deposition somewhere other than the district of the deponent's residence or place of business. *Id*. "When evaluating a forum's convenience for a deposition, a court must consider the hardship to the parties, convenience of counsel, residence of the witness to be deposed, and extent to which the witness' affairs will be disrupted if required to travel for the deposition." *Watson v. Compagne Financiere Richmont SA*, No. 18-CV-547 (PGG)(SLC), 2019 WL 13021037, at *2 (S.D.N.Y. Nov. 8, 2019) (citation omitted); *see also Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784 (WHP), 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012). "If a plaintiff notices an individual defendant's deposition at a location other than the defendant's residence . . . and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule." *Lewis v. Madej*, No. 15-CV-2676 (DLC), 2016 WL 590236, at *3 (S.D.N.Y. Feb 11, 2016) (internal quotation and citations omitted). "[C]ourts retain substantial discretion to determine the site of a deposition[.]" *Id*. (internal quotation and citation omitted).

  Defendants are presently in China. And, based upon previous court proceedings, it appears Defendants do not dispute they are domiciles of New York. Defendants conceded that they lived in Manhattan "at one point," in their Answer to the Amended Complaint (DE 74), and

5

in the aforementioned separate lawsuit, Defendants affirmed that they resided with their two daughters in Manhattan. [4]

The law of China prohibits Defendants from being deposed while they are within the borders of People's Republic of China without permission from the authority of the People's Republic of China.  Article 277 of Chinese Civil Law.  "According to the United States Department of State, China does not permit attorneys to take depositions in China for use in foreign courts; such depositions, as a general matter, [may] only be accomplished through requests to its Central Authority under the Hague Evidence Convention . . . [p]articipation in [unapproved deposition] activity could result in the arrest, detention or deportation of the American attorneys and other participants."  *Wei Su*, 2019 WL 4053917, at *3 (internal quotations and footnote omitted); *see also Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed Plaintiff and the questioning attorneys to legal sanctions).

With this framework in mind, the Court turns to the rationale for its decision.

### III.
### ANALYSIS

The parties do not dispute, and the Court agrees, that Defendants cannot be deposed in China.  Here, Plaintiff noticed Defendants' depositions for New York and Defendants' domicile in New York has already been clearly established.  Therefore, the Court need not consider

---

[4] Defendants affirm their residence in Manhattan in ¶ 36 of their Answer with Counterclaims in the New York County Supreme Court Action, *Hugh H. Mo v. Libo Zhou*, Index No.: 156545/2018 (Sup. Ct. N.Y. County).

6

whether Plaintiff was limited in his ability to choose the forum for litigation or whether cost, convenience, and litigation efficiency weigh in favor of a different location. Nor have Defendants moved for a protective order under Fed. R. Civ. P. 26(C), and even if Defendants did move for a protective order, as the record stands, Defendants have failed to establish good cause as to why their Depositions should not take place in New York.

It is clear that the true issue here for Defendants is the travel impositions and inconveniences amidst the COVID-19 pandemic, rather than a dispute about where Defendants reside. The Court fully recognizes that traveling circumstances have changed in light of the unprecedented challenges the pandemic has caused the world. Nonetheless, Defendants fail to acknowledge that traveling to Hong Kong for remote depositions will likely take longer than traveling to New York to conduct depositions because aside from the 14-day quarantine period, they admittedly still need to confirm there are no restrictions to obtain visas into Hong Kong and go through the application process. Moreover, the 14-day quarantine period for coming into the United States may very well not apply to Defendants if they are citizens, lawful permanent residents, or parents/legal guardians of a US citizen or lawful permanent resident unmarried minor child.

Discovery in this case has languished for years and the Court will not entertain further dilatory tactics by either side. Defendants have undoubtedly availed themselves to New York when it is convenient for them – Defendants have ownership and rental properties in New York (DE 4/23/2020), bank accounts in New York (*Id.*), Mr. Zhou admittedly performed on multiple occasions at Carnegie Hall (DE 74; DE 4/23/2020), Defendants filed counterclaims in a separate lawsuit asserting that they reside in New York (*See supra* note 4; DE 4/23/2020), and Defendants' daughter attends school in New York (DE 4/23/2020). The 14-day quarantine

7

process, if applicable to Defendants, can still be commenced prior to the current September 30, 2021 deadline for their depositions. As the Court has discretion to determine the location of depositions, Defendants shall appear in New York for their depositions (just as they were required to do for their previous depositions pertaining to domicile). *See Republic of the Philippines v. Marcos*, 888 F.2d 954, 957 (2d Cir. 1989) (holding that Court acted within its discretion by ordering managing agents of plaintiff corporations to travel from Canada and Switzerland and appear in New York for their depositions); *see also Dubai Islamic Bank*, 2002 WL 1159699, at *1, 16 (ordering witnesses on behalf of plaintiff to travel from Dubai, where they lived and worked, to New York for depositions). The Court will extend the September 30 deadline once and finally more to October 8, 2021 to allow for these depositions to take place.

## IV.

## Conclusion

Accordingly, Defendants are hereby ordered to appear in New York for their depositions to be completed on or before October 8, 2021.

Dated: Central Islip, New York
       September 7, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
