UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUN YAN,

                        Plaintiff,          **ORDER**

    -against-          18-CV-4673(GRB)(JMW)


LIBO ZHOU and JIE HU,

                Defendants.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

    Before the Court are two discovery motions, both filed *after* the September 1, 2021 discovery deadline. (DE 98; DE 99.) As such, the Court's view of those applications is now through the prism of a heightened standard of review, and with the task of determining whether, in addition to good cause, "excusable neglect" has been shown. *See* Fed. R. Civ. P. 16(b)(1)(B). Because it has not, both are denied with the limited exception that Plaintiff's deposition shall be completed on or before October 8, 2021.

    On September 2, 2021, Defendants Libo Zhou and Jie Hu filed a motion (DE 98) to (1) exclude Plaintiff from using any documents at trial that were not produced on or before September 1, 2021; (2) sanction Plaintiff for delaying discovery; (3) allow Defendants to take five third-party depositions Plaintiff identified in initial disclosures; and (4) allow Defendants to depose Plaintiff after the discovery deadline. On September 3, 2021, Plaintiff, Jun Yan, filed a motion (DE 99) requesting this Court to (1) strike Defendants' Amended Responses dated July 26, 2021; (2) preclude Defendants from testifying at trial or alternatively compel Defendants to turn over outstanding discovery; and (3) compel Defendants to appear in person for their

1

depositions.[1] For the reasons set forth below, both parties' motions – filed beyond the eleventh hour – are hereby denied except that Plaintiff's deposition shall be completed on or before October 8, 2021.

## I. BACKGROUND

Because of the incessant contentions between the parties, resulting in unabated Court filings, minimal discovery has been completed in this three-year-old case. The parties – at loggerheads for years now – had more than fair warning that the discovery deadlines would not be extended any further. On June 16, 2021, the undersigned granted the parties' joint motion for an extension of time to complete discovery, specifically noting that, the parties' joint motions to extend the discovery deadline on February 12, 2021 (DE 80), and again on April 26, 2021 (DE 82), were both granted. The Court then granted the parties' THIRD motion to extend the discovery deadline, "but as follows: All discovery, inclusive of expert discovery, is to be complete on or before September 1, 2021." (DE 6/16/2021.) Less than a month before the discovery deadline, Defendants made a motion to compel. (DE 91.) In opposition, Plaintiff argued that Defendants should also be compelled to provide outstanding discovery. (DE 92.) On August 19, 2021, the Court heard oral argument on the various discovery disputes between the parties. The undersigned denied extending the September 1, 2021 discovery deadline, with the sole exception of the taking of Defendants' depositions. (DE 93.) The Court also ordered that the parties advise as to outstanding discovery disputes no later than August 23, 2021. (*Id*.)

Thereafter, on August 23, 2021, the parties submitted a joint request for a settlement conference and an extension of the deadline to address any discovery disputes. (DE 96.) The next day (prior to the Court ruling on the parties' request for a settlement conference and

---

[1] The relief sought regarding Defendants' depositions was resolved by Order dated September 7, 2021 and is therefore, moot. (DE 100.)

extension of the deadline to advise of discovery disputes), the parties submitted a joint motion regarding the venue for Defendants' depositions. [2] (DE 97).  In the joint motion regarding Defendants' depositions, the parties advised that they would move the Court by letter motion, on or before August 25, 2021, if there were any outstanding discovery issues.  (DE 97.) Neither party filed a letter motion by that date.  Instead, they waited until *after* September 1, 2021, the end date for discovery.  (DE 98; DE 99.) [3]

The parties' motions (DE 98; DE 99) regurgitate the ongoing, dilatory behavior that has taken place on both sides of the "v".  It is baffling to the Court that three years down the road, the parties are still arguing about *initial* disclosures and pre-deposition discovery.  Neither party sets forth any reasoning for why the motions were made after the discovery deadline, or why they have been grappling with initial disclosures and pre-deposition discovery for three years despite the Court granting multiple discovery extensions and ordering the exchange of said discovery.

## II.    STANDARD

Fed. R. Civ. P.  16(b)(1)(B) provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect.  "[O]nce a court has set a scheduling order, a party may file an untimely motion to amend only upon making a showing of

---

[2] The motion regarding Defendants' depositions was resolved by Order dated September 7, 2021.  (DE 100.)  On September 7, 2021, the Court set a Settlement Conference for November 16, 2021.  (DE 9/7/2021.)

[3] On September 8, 2021, five days after Plaintiff filed his motion (DE 99), Defendants filed an untimely opposition to Plaintiff's motion (DE 101), improperly titled "Reply."  On September 13, 2021, eleven days after Defendants filed their motion (DE 98), Plaintiff filed an untimely opposition to Defendants' motion (DE 103).  On September 13, 2021, Plaintiff filed an untimely reply to Defendants' untimely opposition.  (DE 104.)  Section 3(A) of undersigned's Individual Rules requires opposition responses to be served and filed within four days of receipt of the letter motion and prohibits replies on letter motions.  Notwithstanding the late and impermissible filings, the Court considered Defendants' and Plaintiff's opposition/reply papers and finds that they do not impact the rulings made herein.

good cause." *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692 (ADS) (AKT), 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (citations omitted). "It is the movant's burden to establish good cause." *Kontarines v. Mortgage Electronic Registration Systems, Inc.*, 15-CV-2206 (ARR), 2016 WL 3821310, at *3 (E.D.N.Y. July 12, 2016) (citations omitted). "Good cause requires that the delay stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order." *Jipeng Du*, 2019 WL 3767536, at *3. (internal quotation and citations omitted). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have reasonably been met." *Leonard v. Abbott Laboratories, Inc.*, No. 10-CV-4676 (ADS)(WDW), 2012 WL 764199, at *3 (E.D.N.Y. Mar. 5, 2012) (internal quotations and citations omitted). A court may consider other factors, such as prejudice to non-moving parties, but "diligence remains the central focus of the court's inquiry." *Desir v. Austin*, No. 13-CV-0912 (DLI) (VMS), 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015) (citations omitted). "The following factors are not compatible with a finding of diligence and do not provide a basis for relief: carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy." *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (citation omitted).

With these principles in mind, the Court turns to the latest skirmishes.

### III.   DISCUSSION

#### A. The Discovery Disputes

The Court's June 16, 2021 and August 20, 2021 Orders set forth clear parameters regarding the scheduling order in this case, including the September 1, 2021 discovery deadline. Each time the discovery deadlines were previously extended, the parties went for months without

4

engaging in meaningful discovery exchanges. Neither party sets forth a mistake, excusable neglect, or other factor that could account for why they are still only exchanging *initial* disclosures and document discovery. In fact, both motions are utterly devoid of any facts giving rise to even an inference of excusable neglect. Indeed, "initial disclosures" in this three-year old case were first propounded only within the last three weeks. According to Defendants, they served their initial disclosures on August 24, 2021 and Plaintiff served his initial disclosures on September 2, 2021. [4] (DE 98.) Thus, this is not a scenario where initial disclosures are being supplemented as required pursuant to Fed. R. Civ. P. 26. Further, Plaintiff and Defendants do not provide a basis for, let alone address, why their respective motions were untimely. Here, Plaintiff and Defendants have both failed to meet the burden on their respective motions to establish any good cause for extending discovery any further than it has already been extended (DE 99; DE 98). *See Cappiello v. ICD Publications*, Inc., No. 08-CV-2417 (ADS) (ETB), 2010 WL 11632641, at *1 (E.D.N.Y. Jan. 11, 2010) (denying motion to extend discovery deadline based on plaintiff's untimely filing, after court extended discovery deadline three times and the parties were advised there would be no further extensions); *see also Kontarines*, 2016 WL 3821310, at *4 (holding that Plaintiff did not establish good cause for extending the expired deadline to amend his pleading because his motion provided no excuse for his inordinate delay).

      Plaintiff argues that he first served demands in August of 2020 and that Defendants have only disclosed deficient, piecemeal responses. (DE 99.) Plaintiff asserts that Defendants' responses served on July 28, 2021 contradict prior responses and alter the theory of their case,

---

[4] Defense counsel, who is located in California, points out that she received Plaintiff's initial disclosures on September 1, 2021 at 9:36 PM Pacific Time, but asserts that the disclosures were past the discovery deadline based on Eastern Time in New York. This nuance does not bear on the Court's findings herein.

5

and that Defendants disclosed documents it had all along, on the eve of the discovery deadline. (*Id.*)

Defendants make three main arguments. First, Defendants contend that Plaintiff's late initial disclosures failed to identify and to make available any documents on which he bases his damages calculation. (DE 98.) Next, Defendants argue that Plaintiff identified five non-parties who purportedly possess information related to Plaintiff's damages and that because the disclosure was late, Defendants did not have sufficient time to prepare and take depositions. (*Id.*) Third, Defendants argue that the additional discovery responses that Plaintiff provided after the Court's August 19, 2021 hearing are deficient, which prevented them from conducting Plaintiff's deposition. (*Id.*)

Plaintiff does not address why he served his own initial disclosures after the discovery deadline. In fact, the parties starkly admitted at the last court conference held on August 19, 2021 that Plaintiff had not even served Defendants with deposition notices. (DE 93.) Defendants do not offer any explanation as to why they have only been actively seeking discovery from Plaintiff within the last several months. Indeed, as of April 14, 2021, Defendants had not served a single discovery demand or deposition notice and only served their first demands on June 8, 2021. (DE 99.)

At bottom, both letter motions are patently devoid of any proffered reasons why the application to extend discovery was made after the discovery deadline, and do not demonstrate the required showing of diligence that warrants an extension of discovery. *See Furry Puppet Studio Inc.*, 2020 WL 4978080, at *1 ("the party seeking an extension should demonstrate that it exercised diligence in conducting discovery . . . and that there are circumstances that were not foreseen at the time of the order sought to be modified nor the party's fault that give rise to the

6

request for the extension"). As such, the parties charted their own procedural course, to which they must abide. The portions of Defendants' and Plaintiff's motions to compel discovery are therefore denied, except that Plaintiff's deposition shall be completed on or before October 8, 2021.

### B. The Application for Preclusion and Sanctions

Without citing any law or briefing the issues, the parties made several further bareboned requests for relief: Both parties seek preclusion of discovery from one another, and Defendants seek sanctions against Plaintiff for delaying discovery.[5] These applications are also denied.

"The decision whether to impose sanctions and what those sanctions should be is left to the sound discretion of the court." *Welch v. Alexis*, No. 03-CV-2528 (CBA), 2004 WL 1920810, at *2 (E.D.N.Y. May 26, 2004) (citation omitted). "The harshest sanctions available are preclusion of evidence and dismissal of the action." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). "Among the factors relevant to a court's exercise of its discretion to impose sanctions are: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences [sic] non-compliance." *3801 Beach Channel, Inc. v. Scvartzman*, No. 05-CV-0207 (CBA) (JO), 2007 WL 879668, at *3 (E.D.N.Y. Mar. 21, 2007). Rule 37 is intended to serve several purposes: ensuring a party does not benefit from its failure to comply, specific deterrence, and general deterrence. *Update Art, Inc,*. 843 F.2d 67, at *71. Imposing sanctions is a severe penalty, to be used when a party's actions are entirely meritless and motivated by improper purposes. *See Milltex Industries Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 41 (2d Cir. 1995) (finding that district court

---

[5] The Court presumes that the parties move pursuant to Rule 37.

7

abused its discretion sanctioning a party even though conduct throughout the litigation was "hardly exemplary").

The parties have put themselves in a position where they have limited their own discovery and the evidence that will be available at trial. Neither party satisfies the factors set forth above for the imposition of sanctions. While the Court does not condone the apparent gamesmanship demonstrated by *both* parties, and their flagrant disregard of court-ordered discovery deadlines, the Court does not find sanctions or preclusion will serve a meaningful purpose at this juncture. Accordingly, that branch of Defendants' motion for preclusion and sanctions, and the branch of Plaintiff's motion for preclusion, are both denied without prejudice to renew at the time of trial.

## IV.    CONCLUSION

Based upon the foregoing, Plaintiff's deposition shall be completed on or before October 8, 2021, and the branches of Defendants' motion (DE 98) and Plaintiff's motion (DE 99) seeking an extension of time to conduct/compel any further discovery are both denied; the branch of Defendants' motion for preclusion and sanctions, and the branch of Plaintiff's motion for preclusion, are both denied.

Dated: Central Islip, New York
September 14, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge