```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUN YAN,

                            Plaintiff,              MEMORANDUM AND ORDER

            -against-                               18-CV-4673 (GRB)(JMW)


LIBO ZHOU and JIE HU,

                            Defendants.
------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

> *"Quo usque tandem abutere, Catilina, patientia nostra? . . .*
> *Quem as finem sese effrenata iactabit audacia?"*[1]

Before the Court, yet again, is another discovery dispute between the parties. This time, Defendants move to reopen discovery, after this Court explicitly Ordered that no further extensions of the deadline to take depositions will be granted and denied the parties' prior requests for extensions of time to conduct/compel any further discovery (DE 109; DE 106.)

## I.   BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history of the case, as more specifically set forth in this Court's prior Orders dated September 7, 2021, September 14, 2021, and September 22, 2021. (DE 100; DE 106; DE 109.)

Discovery finally closed on September 1, 2021, except for limited depositions, for which the final deadline was October 22, 2021. (*Id.*) Now, Defendants claim that additional discovery

---

[1] *"*How long, Cataline, will you abuse our patience? . . . To what end will your unbridled effrontery toss itself about?" Cicero in *The First Oration Against Cataline* (63 B.C.), delivered in the Roman Senate.

1

is needed based on Plaintiff's deposition testimony. (DE 116.) Notably, Plaintiff's deposition took place on October 7, 2021, and Defendants did not file the instant motion until October 22, 2021. (*Id.*). Specifically, Defendants seek to serve a subpoena to depose Jiamin Zhang, who Defendants purport to be Plaintiff's ex-wife, and to serve a subpoena for documents upon Chunyang Zhang (Alice Zhang), for the production of records relating to Plaintiff's alleged divorce proceeding for which Ms. Zhang was Plaintiff's attorney.[2] (DE 116.) Defendants argue that this discovery is relevant because Plaintiff's source of wealth in China, and his connection to high-ranking Chinese government officials, is at issue. (*Id.*) Defendants base this argument on Plaintiff's Amended Complaint, which alleges that Defendants published false and defamatory statements about Plaintiff, including that he has billions of dollars in illicitly gained assets. (DE 21 at ¶ 24, 28.) Defendants claim that Ms. Jiamin Zhang's father is Yunchuan Zhang, a retired high-ranking government official in China. (DE 116.)

Plaintiff opposes, arguing that Defendants are seeking this discovery to harass Plaintiff. (DE 117.) Plaintiff further asserts that Defendants were clearly aware that they may want to conduct such discovery years ago, as at Defendant Zhou's deposition he admitted that he had performed an investigation into Plaintiff's ex-wife and her father in 2016. (DE 117.) Plaintiff also argues that at his deposition, counsel had a full opportunity to ask questions about this, but either failed to do so or chose not to then. (*Id.*)

## II.    STANDARD

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence

---

[2] Ms. Zhang also represents Plaintiff in the instant matter. Defense counsel misrepresents that Ms. Zhang appeared at Plaintiff's deposition without formally entering a Notice of Appearance. The docket clearly reflects that Ms. Zhang filed a Notice of Appearance on April 15, 2019. (DE 40.)

2

during discovery." *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' the trial court may consider whether additional discovery would yield *dispositive* evidence. *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515.

> Pursuant to Fed. R. Civ. P. 26:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y.

May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").

### III.     ANALYSIS

The Court notes that neither party set forth arguments or authority that adequately address, let alone acknowledge, the six factors for determining whether re-opening discovery is warranted.  Nonetheless, the Court will analyze each factor in turn.

#### A. The Timing of Trial

The parties appeared for a Pretrial Conference on October 5, 2021.  (DE 114.)  Due to the parties' failure to adhere to the Honorable Gary R. Brown's instructions for submitting Pretrial Orders, the parties were ordered to revise the Pretrial Order.  (*Id*.)  The Court granted the parties' request for an extension of time to file the Pretrial Order to November 19, 2021.  (DE 118; DE 10/29/2021).  As such, Judge Brown has not yet set a trial date for this case.  The first factor therefore weighs in Defendants' favor (albeit by default due to the parties' failure to abide by Court rules and their failure to timely conduct court-ordered discovery as fully set forth herein).

#### B. Whether the Motion is Opposed

This factor weighs in Plaintiff's favor.  As noted above, Plaintiff opposes Defendants' motion and argues that Defendants' motivation behind the subject requests for discovery are based on a desire to harass Plaintiff.

#### C. Prejudice to the Non-Moving Party

The Court finds that Defendants have not established how the discovery sought is at all relevant to Plaintiff's defamation claims.  Seeking to reopen discovery for what appears to be a last-minute Don Quixote pursuit, will only prolong this case further and will cause Plaintiff to incur additional costs and expenses, and bear little or no fruit that relates to the claims or

4

defenses. Moreover, Plaintiff represented that during Defendant Zhou's deposition, Mr. Zhou admitted that he had done an investigation into Yunchuan Zhang who he purports to be Plaintiff's ex-father-in-law. It is unclear why now, and for what legitimate reason, Defendants are seeking this discovery. To do so at this juncture would be prejudicial to Plaintiff and thus, this factor weighs in favor of denying the motion.

### D. Diligence of Defendants in Obtaining Discovery Within the Court's Guidelines

This factor clearly weighs against reopening discovery. Discovery, except for depositions, was finally closed on September 1, 2021 after many, many extensions (*see, e.g.,* (DE 76, 80, 82, 89, 93, 100, 106, 109, and entries dated 2/16/2021, 4/27/2021, and 6/16/2021). The docket amply reflects the multiple extensions afforded to complete discovery. Defendants had ample opportunity to seek the subject information. They charted their own procedural course in this case, and now must abide by their chosen path. No excuse is offered for Defendants' failure to act timely in pursuing what they propose to be such vital discovery.

### E. Foreseeability of the Need for Additional Discovery in Light of the Time Allowed for Discovery by the District Court

This factor also weighs against reopening discovery. While the Court acknowledges that there was a period at the outset of this matter wherein the parties conducted discovery limited to Defendants' domicile, the parties still had adequate time thereafter to conduct the remaining fact discovery. Initially, on June 2, 2020, this Court set February 14, 2021 as the discovery deadline. (DE 76.) The parties requested extensions of discovery on February 12, 2021 (DE 80), April 26, 2021 (DE 82), and June 15, 2021 (DE 89). Each request was granted (DE 2/16/2021; DE 4/27/2021; DE 6/16/2021), with the Court finally setting September 1, 2021 as the deadline for all discovery. The Court even granted the parties several further extensions to complete Plaintiff's and Defendants' depositions by October 8, 2021 and October 22, 2021, respectively.

5

(DE 93; DE 100; DE 106; DE 109.)  The discovery now sought could have been considered and pursued long ago.  This factor weighs against Defendants.

    **F.  The Likelihood that the Discovery Will Lead to Relevant Evidence**

As noted above, it is unclear how the subject non-party deposition and subpoenaed documents from the alleged matrimonial matter are relevant to Plaintiff's claims.  Defendants assert that Plaintiff puts his source of wealth at issue, yet fails to connect the dots.  Indeed, it appears that Defendants are the ones putting Plaintiff's source of wealth at issue, but for no clear reason.  This factor weighs against re-opening discovery.

### IV.    CONCLUSION

Accordingly, considering the factors, the Court finds that they weigh heavily against reopening discovery.  Defendants' motion to reopen discovery (DE 116) is therefore denied.

Dated: Central Islip, New York
       November  10, 2021

                                                              S O   O R D E R E D:

                                            /S/ *James M. Wicks*
                                                JAMES M. WICKS
                                       United States Magistrate Judge